United States Bankruptcy Court
Western District of Michigan

In re:  
David Allen Scholl  
    Debtor

Case No. 20-01826-jtg  
Chapter 13

## CERTIFICATE OF NOTICE

| District/off: 0646-1 | User: howep | Page 1 of 1 | Date Rcvd: Aug 18, 2020 |
|---|---|---|---|
|  | Form ID: pdf019 | Total Noticed: 1 |  |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 20, 2020.
db             +David Allen Scholl,    2310 DeLange Dr SE,    Grand Rapids, MI 49506-5307

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 20, 2020                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 17, 2020 at the address(es) listed below:
        Brett N. Rodgers    ecf@rodgersch13.com, ecfbnrbackup@trustee13.com
        Daniel J. Broxup    on behalf of Creditor Sandra J. Glupker dbroxup@mikameyers.com,
         mlink@mikameyers.com
        Daniel J. Broxup    on behalf of Creditor David R. Asmus dbroxup@mikameyers.com,
         mlink@mikameyers.com
        Michael Patrick Hanrahan    on behalf of Debtor David Allen Scholl mike@chasebylenga.com,
         nikki@chasebylenga.com;christy@chasebylenga.com;teresa@chasebylenga.com;chasebylenga@gmail.com;1503936420@filings.docketbird.com;hanrahanmr74219@notify.bestcase.com;3629037420@filings.docketbird.com
        Michael Robert Bell    on behalf of Creditor    State of Michigan - Department of Treasury
         BellM1@Michigan.gov,  lawrencem5@michigan.gov
        Molly Slutsky Simons    on behalf of Creditor    Nissan-Infiniti LT an affiliated company of Nissan
         Motor Acceptance Corporation bankruptcy@sottileandbarile.com
        Steven Mark Bylenga    on behalf of Debtor David Allen Scholl steve@chasebylenga.com,
         nikki@chasebylenga.com;christy@chasebylenga.com;teresa@chasebylenga.com;chasebylenga@gmail.com;1140866420@filings.docketbird.com;bylengasr74219@notify.bestcase.com;3629037420@filings.docketbird.com
                                                                                      TOTAL: 7

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:
DAVID ALLEN SCHOLL

2310 DELANGE DR SE

GRAND RAPIDS    MI 49506

        Debtor(s)  /

Case No:  G G 20-01826
Date Filed 5/22/20
Chapter 13
Hon. John T. Gregg

## TRUSTEE'S MOTION TO DISMISS THE CHAPTER 13 PROCEEDINGS AND NOTICE OF MOTION PURSUANT TO 11 U.S.C. 1307(c)

The Chapter 13 Trustee, **Brett N. Rodgers**, hereby moves this Court to dismiss the above captioned Chapter 13 case for the following reasons pursuant to 11 U.S.C. 1307(c):

(X)  1307(c)(1)  Unreasonable delay by the debtor that is prejudicial to creditors:

   (X)  Failure to cooperate with the Trustee and provide the following documents pursuant to 11 U.S.C § 521 and Bankruptcy Rule 4002:  Settlement statements related to the sale of 4 rental properties by the Debtor in 2018; settlement statement related to the purchase of Debtor's residence; documentation of all funds paid by Debtor to father within the last 2 years; evidence that 2017 - 2019 federal and state tax returns have been filed; payroll order or TFS enrollment.

(X)  Other:  Per Schedule E/F, the non-priority unsecured claims total $1,681,291.65 which exceeds the debt limit of $394,725.00 for an individual to be a debtor under chapter 13 pursuant to 11 U.S.C § 109(e) (however, after deducting the debts listed as contingent, unliquidated, or disputed, the non-priority unsecured claims total $129,751.00); need to amend Plan Paragraph III.F. to indicate the base amount to be paid to general unsecured creditors; need to amend Plan Paragraph III.A.3. to either reduce the "no-look" fee from $4,690.00 to $3,650.00 or to leave it blank and file an application and itemization for $4,690.00; need to amend plan to provide treatment for Verizon Wireless listed on Schedule G for cell phone contract.

    Note:  As a result of the above Motion being made, your case could be converted to a Chapter 7 case.

### NOTICE OF MOTION

Take notice that if a timely response is filed the within motion will be heard before the Honorable John T. Gregg on **October 22, 2020, at 9:00 A.M.**.  This hearing will be held at the U.S. Bankruptcy Court, One Division Ave NW, 2nd Floor, Courtroom C, Grand Rapids, MI 49503.

If you wish to oppose the Motion you must file a written response with the Bankruptcy Court at One Division Ave.,N. Room 200, Grand Rapids, MI 49503 and serve a copy upon the Chapter

13 Trustee at 99 Monroe Ave NW, Suite 601, Grand Rapids MI 49503 within 30 days of the date on which the Bankruptcy Noticing Center (BNC) served this Motion to Dismiss.  The response filed must comply with Local Bankruptcy Rule 9013(d) and must state with particularity the reasons why the Trustee's Motion should not be granted.  If a timely response is not filed, the Chapter 13 Trustee may at any time after the expiration of the 30 day period, file with the Court a certificate stating that no timely response or request for hearing has been filed together with a proposed Order Dismissing the case and cancel the scheduled hearing date as moot.

Dated:     8/17/2020       /s/ Brett N. Rodgers
**Brett N. Rodgers, Trustee**

## PROOF OF SERVICE

This Motion to Dismiss was served electronically upon the attorney for the debtor(s), if applicable, and the debtor(s) by the BNC.

**ATTORNEY FOR DEBTOR(S):**       CHASE BYLENGA HULST