**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

IN RE:

Scholl, David                                                            Case No. 20-01826
                                                                         Chapter 13
             Debtor.                                                     Hon. John T. Gregg
_____/                                          Filed: 5/22/20

**DEBTOR'S RESPONSE TO CHAPTER 13 TRUSTEE'S MOTION TO DISMISS THE CHAPTER 13 PROCEEDING AND NOTICE OF MOTION PURSUANT TO 11 U.S.C. § 1307**

NOW COMES David Scholl (hereafter "Debtor"), by and through his attorneys, Chase Bylenga Hulst, PLLC., and hereby responds to the Trustee's *Motion to Dismiss the Chapter 13 Proceeding and Notice of Motion Pursuant to 11 U.S.C. § 1307* (the "Motion") as follows:

1. On May 22, 2020, the Debtor filed for protection under Chapter 13 of the United States Bankruptcy Code. His *Bankruptcy Petition* (the "Petition") was filed in the Western District of Michigan and was assigned case number 20-01826.

2. On June 18, 2020, the Debtor filed his *Original Chapter 13 Plan* (the "Plan"). The Plan has yet to be confirmed.

3. On August 17, 2020, the Chapter 13 Trustee filed its Motion seeking dismissal of the Debtor's bankruptcy and in support of its Motion stated as follows:

    (X) 1307(c)(1) Unreasonable delay by the debtor that is prejudicial to creditors:

    (X) Failure to cooperate with the Trustee and provide the following documents pursuant to 11 U.S.C § 521 and Bankruptcy Rule 4002: Settlement statements related to the sale of 4 rental properties by the Debtor in 2018; settlement statement related to the purchase of Debtor's residence; documentation of all

        funds paid by Debtor to father within the last 2 years; evidence that 2017 - 2019 federal and state tax returns have been filed; payroll order or TFS enrollment.

        (X) Other: Per Schedule E/F, the non-priority unsecured claims total $1,681,291.65 which exceeds the debt limit of $394,725.00 for an individual to be a debtor under chapter 13 pursuant to 11 U.S.C § 109(e) (however, after deducting the debts listed as contingent, unliquidated, or disputed, the non-priority unsecured claims total $129,751.00); need to amend Plan Paragraph III.F. to indicate the base amount to be paid to general unsecured creditors; need to amend Plan Paragraph III.A.3. to either reduce the "no-look" fee from $4,690.00 to $3,650.00 or to leave it blank and file an application and itemization for $4,690.00; need to amend plan to provide treatment for Verizon Wireless listed on Schedule G for cell phone contract.

4. In response to the Trustee's Motion, Debtor states as follows:

   a. Subsequent to the Motion, Debtor's counsel provided the Trustee's office with settlement statements and other documents related to the sale of four rental properties by the Debtor in 2018. In addition, Debtor provided the Trustee's office with financial information and documentation related to the purchase of Debtor's current residence.

   b. Debtor is uncertain of whether he made any payments to his father in the two years prior to filing his Petition. He is reviewing his financial records and will provide the Trustee's office with any relevant information and/or documentation.

   c. Debtor provided copies of his 2017-2019 federal and state tax returns to the IRS and the Michigan Department of Treasury. The IRS has since filed an amended Proof of Claim to reflect Debtor's recently filed returns [Amended Claim No.2], and the Michigan Department of Treasury filed a *Withdrawal of Doc #32, Michigan Department of Treasury's Notice of Unfiled Tax Returns*. [DN 47]

    d.  Debtor recently enrolled in TFS to make his plan payments.

    e.  Debtor is working with his Counsel to file an amended Plan to address Plan Paragraph III.F., Paragraph III.A.3., and the treatment for Verizon Wireless.

    f.  Debtor asserts that, as of the Petition Date, he held a good faith belief that the aggregate amount of his unsecured, liquidated, and noncontingent liabilities were below the debt thresholds specified in 11 U.S.C. § 109(e).  His belief was premised on his knowledge of the secured value of certain judgment liens; his knowledge that certain judgments were contingent upon a 40-70% reduction through recoupment from a third party; and his conviction that certain claims against him were not only legally deficient but were also not easily determinable because the ultimate amount of the claim would require the trier of fact to make determinations as to judgment, discretion, or opinion.  Debtor, through his counsel, provided an initial explanation of the relevant facts and legal analysis to the Trustee's office and will provide the Trustee's office with additional information and analysis in support of his position.

WHEREFORE, Debtor respectfully requests that the Trustee withdraw his Motion to Dismiss, or the Court deny the Trustee's Motion and/or hear argument for denial of the Trustee's Motion.

**CHASE BYLENGA HULST, PLLC**

Dated:  September 16, 2020    By:    /s/*Steven M. Bylenga*
Steven M. Bylenga (P73492)
Attorney for Debtor
25 Division Ave. S., Suite 500
Grand Rapids, MI 49503
Tel. 616.608.3061
Fax. 616.608.6521